IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

QUAD/GRAPHICS, INC.,
**Employer Below, Petitioner**

**FILED**
**April 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-253    (JCN: 2019016989)**

**TRAVIS BLAND,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Quad/Graphics, Inc. ("Quad") appeals the October 17, 2022, order of the Workers' Compensation Board of Review ("Board"), reversing the claim administrator's order granting Mr. Bland a 5% permanent partial disability ("PPD") award. Respondent Travis Bland filed a timely response.[1] Quad did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order granting Mr. Bland a 5% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 11, 2019, while working for Quad as an electrician helper, Mr. Bland was standing on a plexiglass surface above a conveyer belt when the plexiglass broke and Mr. Bland fell through, hitting his left knee against the conveyer belt.

Mr. Bland was diagnosed with a severely angulated distal femur fracture. On February 11, 2019, Mr. Bland underwent an open reduction and internal fixation surgery, performed by Dwight Kemp, D.O. On October 30, 2019, Mr. Bland underwent a left knee arthroplasty with lyses of adhesions especially along the lateral gutter and manipulation of the knee, performed by Dr. Kemp. On February 18, 2020, Mr. Bland underwent a removal of deep hardware of the left distal femur locking plate lysis of adhesions around the plate site, and manipulation of the left knee, performed by Dr. Kemp. Mr. Bland was subsequently seen by Dr. Kemp on July 17, 2020. At that time, Mr. Bland reported some catching around the lateral anterior knee, some difficulty walking on concrete, and incomplete flexion.

---

[1] The claimant is represented by Christopher J. Wallace, Esq. The employer is represented by Aimee M. Stern, Esq.

On October 1, 2020, Ralph Salvagno, M.D., an orthopedic surgeon, performed an independent medical evaluation ("IME") on Mr. Bland. Dr. Salvagno performed a physical evaluation of Mr. Bland and Mr. Bland reported continued discomfort in his knee with loss of motion and weakness. Dr. Salvagno opined that Mr. Bland had reached maximum medical improvement ("MMI") for his injury. Dr. Salvagno noted Mr. Bland's scar, but he did not include it in his rating of impairment, nor did he specifically state a reason that the scar should not be rated. Dr. Salvagno opined that Mr. Bland suffered a 12% impairment of the lower extremity due to weakness and decreased extension in the left knee. Dr. Salvagno converted the lower extremity impairment to a 5% whole person impairment ("WPI") resulting from the compensable injury.

The claim administrator issued an order dated October 29, 2020, granting Mr. Bland a 5% PPD award based on the report of Dr. Salvagno. Mr. Bland protested that order.

On February 25, 2022, Mr. Bland underwent an IME by Bruce Guberman, M.D., who specializes in occupational medicine. Dr. Guberman also opined that Mr. Bland had reached MMI for his workplace injury. Dr. Guberman found muscle weakness in the form of atrophy in Mr. Bland's left lower leg. Dr. Guberman awarded Mr. Bland a 2% WPI for his residual scarring based on Table II on page 280 of the AMA Guides to the Evaluation of Permanent Impairment, Fourth Edition. Dr. Guberman's award was based on the presence of the scarring, as well as Mr. Bland's reports of daily lotion applications and sensitivity to sunlight. Dr. Guberman found a 6% WPI for the atrophy of the left leg as compared to the right leg. Dr. Guberman combined these ratings to find an 8% WPI.

The Board issued an order dated October 17, 2022, which reversed the claim administrator's order granting Mr. Bland a 5% PPD award. The Board granted Mr. Bland an additional 3% PPD award for a total of an 8% PPD award. Quad appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, __ W. Va. __, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Quad argues that Dr. Salvagno's superior credentials render him more qualified than Dr. Guberman to evaluate Mr. Bland's impairment. Quad further argues that assigning an impairment rating to Mr. Bland's scar was incorrect because Dr. Kemp noted no complaints or findings regarding the scar.

West Virginia Code § 23-4-1g(a) (2003) provides that,

> [f]or all awards made on or after the effective date of the amendment and reenactment of this section during the year two thousand three, resolution of any issue raised in administering this chapter shall be based on a weighing of all evidence pertaining to the issue and a finding that a preponderance of the evidence supports the chosen manner of resolution. The process of weighing evidence shall include, but not be limited to, an assessment of the relevance, credibility, materiality and reliability that the evidence possesses in the context of the issue presented. Under no circumstances will an issue be resolved by allowing certain evidence to be dispositive simply because it is reliable and is most favorable to a party's interests or position. If, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted.

After review, we conclude that the Board did not err in finding that the opinions of both Dr. Guberman and Dr. Salvagno were equally reliable and valid. Further, the Board was not clearly wrong in adopting the findings of Dr. Guberman because they are the most consistent with Mr. Bland's position.

Finding no error in the Board's October 17, 2022, order, we affirm.

Affirmed.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear

3

Judge Thomas E. Scarr
Judge Charles O. Lorensen